UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROLAND THOMAS KOCH,

    Plaintiff,

    v.

KENNETH ROSENFIELD,

    Defendant.

No. 2:19-cv-1474 DB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendant, an attorney assigned to represent him in civil commitment proceedings, violated plaintiff's constitutional rights by failing to properly represent him. Because plaintiff's claims are not cognizable in this § 1983 proceeding, this court will recommend it be dismissed.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

////

1

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Under § 1983, a proper defendant is one who acted under color of state law. Plaintiff's appointed attorney is not a proper defendant in this action. See Polk County v. Dodson, 454 U.S. 312 (1981) (public defender does not act "under color of state law" when performing traditional lawyer duties); Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (same); Levy v. California, No. C-10-5113-DMR, 2011 WL 588151, at *3 (N.D. Cal. Feb. 1, 2011) (attorneys assigned to represent the plaintiff in civil commitment proceedings are not proper defendants in § 1983 action).

Because plaintiff's complaint is based solely on his allegations against defendant Rosenfield, who is not a proper defendant in this action, this case should be dismissed.

For the foregoing reasons, the Clerk of the Court is HEREBY ORDERED to randomly assign a district judge to this case.

Further, IT IS RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 21, 2019

DLB:9/DLB1/prisoner-civil rights/koch1474.scrn fr

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

2